UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JAMES SWINT,

                Plaintiff,

-against-

ROBERT S. MUELLER III, *et al.*,

                Defendants.

21-CV-2960 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Robert James Swint brings this action *pro se.* To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application.[1] If Plaintiff submits the IFP application, it should be labeled with docket number 21-CV-2960 (CM). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

    The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case

---

[1] The caption lists the names of several other plaintiffs, but only Robert James Swint signed the complaint. As a *pro se* litigant, Swint "cannot act on behalf of other individuals. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, at this stage, the Court is requesting an IFP application solely from Swint.

shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 9, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge