UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JAMES SWINT,

                    Plaintiff,

          -against-

ROBERT S. MUELLER, III; FALLOUT 76;
JOHN W. DEAN, III; HURRICANE SANDY;
NEW YORK TIMES,

                    Defendants.

21-CV-2960 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robert James Swint, who is appearing *pro se*, brings this action seeking a pardon

and money damages. By order dated June 4, 2021, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

### STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the

Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations

omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Robert James Swint, who currently resides in the Oregon State Hospital, filed this complaint against former F.B.I. Director Robert S. Mueller, III; "Fallout 76"; John W. Dean, III; Hurricane Sandy; and the New York Times. Also listed as plaintiffs in the caption of the complaint are Crystal Marie Mayer, James Stanley Dean, and Sandra Marie Lawlor, who also reside in the Oregon State Hospital, but they did not sign the complaint or submit IFP applications.

Plaintiff's complaint contains random allegations. The following allegations are set forth in the complaint, verbatim:

> For years people have been doing all the work while other people get credit for it and paid, while those same people who are getting credit and paid are also doings the crimes and switching the punishments onto those who are doing all the work, creating that great divide, every 3 and 4 days came over in 1851 which started the New York Times and many agencies including the penitentiaries, reformatories, mental institutes, states aka atest [sic] and much more including the first necktie party April 18, 1851 in Oregon. There are two White House special counsels/ investigators who did nothing but take credit and get paid for the real ones work, not only am I here to collect but I'm here to say as Trump put it on my birthday April 18, 2019 when the Mueller report was released . . . game over the 62 billion or (FB)I was first announced in the New York Times in 1921, one century was the plan before the dismantling of the United States and a shift in power amongst the globe.

(ECF 1 at 1-3.)

Plaintiff seeks a pardon, "safety, money, insurance for life for both me and all my friends, and to start the wedding, and to get rid of Andrew Cuomo, aka Andrew Charles Erickson, let the games and movies begin." (*Id.* at 5.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff asserts claims against a random group of defendants, including "Fallout 76" and Hurricane Sandy, and the facts asserted do not remotely suggest that he can state a viable claim.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Moreover, the provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

Plaintiff has not alleged any facts suggesting that he is an attorney. He cannot, therefore,

assert any claims on behalf of the other individuals listed as plaintiffs in the caption of the

complaint. The Court therefore dismisses any claims Plaintiff asserts on behalf of any other

individuals.

**LITIGATION HISTORY AND WARNING**

A review of Public Access to Court Electronic Records (PACER) shows that, since

December 2020, Plaintiff has filed more than 40 *pro se* civil actions and appeals in federal courts

around the country.[1] Most of those cases are either pending or were dismissed for failure to

prosecute, but every case that has been addressed on the merits has been dismissed as either

frivolous or duplicative, for failure to state a claim, or for lack of subject matter jurisdiction. *See,*

*e.g., Swint v. Mueller*, No. 21-CV-2966 (S.D.N.Y. Apr. 13, 2021) (duplicative); *Swint v. Federal*

*Bureau of Investigation*, No. 21-CV-1145, 2021 WL 1734904, at \*1 (D.D.C. May 3, 2021)

(frivolous); *Swint v. Int'l Flavor & Fragrances, Inc.*, No. 21-CV-491 (D. Oregon May 3, 2021);

(frivolous); *Swint v. Allen*, No. 21-CV-491 (D. N.J. May 17, 2021) (frivolous); *Swint v. C.I.A.*,

No. 21-CV-306 (D. Ky. June 3, 2021) (lack of subject matter jurisdiction).

Plaintiff is warned that any further duplicative or frivolous litigation in this Court will

result in an order barring him from filing new actions IFP without prior permission. *See* 28

U.S.C. § 1651.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).

---

[1] Plaintiff has another matter pending in this District. *See Swint v. Faceboake, Inc.*, 21-CV-4500 (LTS) (S.D.N.Y. June 3, 2021) (directing Plaintiff to either pay the fees or seek IFP status).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket.

SO ORDERED.

Dated:   June 14, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                              Chief United States District Judge